## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | **CIVIL NO. 1:11-CV-2238** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **C.O. ECKROTH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### REPORT AND RECOMMENDATION

### I.    Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or

meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that she is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good"in this field  Jones v. Bock,  549 U.S. 199, 204 (2007).  Upon consideration of this case, and consistent with the approach which we have recently taken in five companion cases filed by Ball,[1] we conclude that the plaintiff, at present, has only had two cases that were dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since one of the prior dismissal orders in previous litigation was based upon Ball's failure to exhaust her administrative remedies in the prison system, a ground for dismissal that typically is not considered a "strike" for purposes of §1915(g)'s three strike rule.  Having made these findings, we recommend that the Court deny the motion to revoke *in forma pauperis* status. However, given that we find that Ball has already incurred two strikes under §1915(g)'s three strike rule, we place Ball on notice that many of the actions currently

---

[1]Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.).

filed by Ball may be subject to dismissal for failure to state a claim upon which relief may be granted, a ruling which would constitute a third strike, and could preclude Ball from filing further actions *in forma pauperis* in federal court.

## II.   Statement of Facts and of the Case

### A.   Dawn Marie Ball's Litigation History

In many ways, Dawn Ball's current circumstances inspire both sorrow and concern.  Dawn Ball is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and who has candidly acknowledged that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my hands till they bleed, confusion, PTSD, disassociative disorder, I smell, see and hear things not there, severely stressed, phobias, agoraphobia, severe anxiety, lack of interest in things, lack of arousal in things, racing thoughts, suicidal, cognitive problems and disorders, lack of interest in life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845 (Doc. 42, pp.6-7).

Furthermore. Ball is also an inmate who has reported to the Court that she engages in multiple episodes of destructive, self-defeating and senseless behavior. For example, recurring themes in Ball's lawsuits include Ball's penchant for smearing

feces on herself and her cell, her destruction of her own clothing, and her use of her

clothing to plug her toilet and flood her cell with water and human waste.  Ball is

also, by her own admission, an inmate with a propensity of sudden, explosive rages,

as illustrated by the civil complaint which she has filed Ball v. Barr, No.1:11-CV-

2240 (M.D.Pa.).  In this complaint, Ball describes an episode in which a discussion

regarding the aesthetic qualities of a piece of cornbread escalated in a matter of

moments into a profanity-laced wrestling match over a food tray.

While she suffers from paranoia, schizophrenia, and experiences these visual

and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing

numerous lawsuits based upon her perception of the events that take place around her

in prison.  Indeed, at present Ball has a total of twenty-two lawsuits pending before

this Court.[2]  Ball is also a prodigiously unsuccessful litigant, who has had at least

_____

[2]See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-
Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.);
Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846,
(M.D. Pa.); Ball v. Oden, No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-
CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther,
No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball
v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830
(M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-
CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v.
Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Eckroth, No. 1:11-CV-2238
(M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-
CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux,
No. 1:12-CV-11 (M.D.Pa.); Ball v Curham, No. 1:12-CV-12 (M.D.Pa.).

three prior lawsuits dismissed either as frivolous or on the grounds that the lawsuit

failed to state a claim upon which relief could be granted.

The history of repeated, frivolous and meritless litigation in federal court by

this plaintiff began in March of 2008, when Ball filed a complaint in the case of Ball

v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.). On December 10, 2008, the District

Court dismissed this civil action, citing Ball's failure to exhaust her administrative

remedies, and stating that Ball:

> does not dispute that she failed to exhaust her administrative remedies
> with regard to the issues raised in the complaint. Plaintiff's failure to
> oppose the remaining defendants' motion, which also seeks dismissal
> for failure to exhaust administrative remedies, renders the motion
> unopposed. See L.R. 7.6. It is clear that plaintiff's claims are not
> properly before this Court and must be dismissed.

(Doc. 36, p.5)

While, fairly construed, the District Court's dismissal decision rested on exhaustion

grounds, and did not entail an analysis of the merits of Ball's claims, the dismissal

order itself went on to state that any appeal of this dismissal would be "deemed

frivolous and not in good faith."   Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)

(Doc. 36, p.6)

Nonetheless, Ball appealed this ruling. (Doc. 37)  On July 22, 2010, the United

States Court of Appeals for the Third Circuit affirmed the dismissal of this action,

noting that:

> The District Court granted the Defendants' motions to dismiss, pursuant
> to Federal Rule of Civil Procedure 12(b)(6), on the grounds of failure to
> exhaust administrative remedies. We agree with the District Court's
> decision and accordingly affirm the dismissal of Ball's claims.

Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)(Doc. 44, p. 2-3)  Thus, the Court of

Appeals ruling, like the District Court's decision, was expressly based upon Ball's

failure to exhaust her administrative remedies.

On May 5, 2009, Ball filed a second civil action in the case of Ball v. Hartman,

No. 1:09-CV-844 (M.D. Pa.).  This action was also dismissed by the District Court,

which on this occasion considered the merits of Ball's claims and explicitly

concluded that Ball had failed to state a claim upon which relief could be granted.

Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36)  Therefore, this

second dismissal involved a merits analysis of Ball's claims, and a determination that

Ball's complaint "fail[ed] to state a claim upon which relief may be granted." 28

U.S.C. § 1915(g).  Ball appealed this dismissal order, Ball v. Hartman, No. 1:09-CV-

844 (M.D. Pa.) (Doc 34), but her appeal of this case was summarily denied by the

Court of Appeals,  Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 48), and, on

October 29, 2010, this case was closed by the appellate court with the issuance of its

mandate dismissing this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]   Ball v.

Hartman, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48.)

While this action was pending, Ball filed yet another lawsuit in the case of Ball

v. Butts, No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011. Ball v. Butts, No. 1:11-CV-

1068 (M.D.Pa.)(Doc. 1)   On June 15, 2011, upon a screening review of this

complaint, the District Court dismissed this action for failure to state a claim upon

which relief could be granted. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8).

Ball appealed this dismissal. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10)

On September 21, 2011,  the Court of Appeals entered an opinion and order

dismissing Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That

appellate court opinion and order spoke unambiguously regarding the frivolous nature

of this particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen
> this appeal to determine whether it is frivolous. See 28 U.S.C. §
> 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis

---

[3]28 U.S.C. § 1915(e)(2)(B)(I) provides that; "Notwithstanding any filing
fee, or any portion thereof, that may have been paid, the court shall dismiss the
case at any time if the court determines that . . . the action or appeal, . . . is
frivolous or malicious." Thus the appellate court's October 29, 2010 ruling was
tantamount to a declaration that this action was also frivolous.

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This appeal lacks any such basis.  As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts acted in the "clear absence of all jurisdiction." Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act ... taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir.2002). Thus, we will dismiss this appeal

Ball v. Butts, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).

### B.    Ball's Current Lawsuit

It is against the backdrop of this history of unsuccessful, unexhausted and meritless filings that Ball instituted the current lawsuit.  On December 2, 2011, two months after suffering this third dismissal in a prior lawsuit, Ball filed the instant complaint.  Ball's *pro se* complaint alleged that the defendants engaged in an unlawful, improper and retaliatory search of her cell on November 12, 2011. (Doc. 1)  In this complaint, Ball seeks injunctive and declaratory relief, along with compensatory and punitive damages, from each defendant. (Id.)  Along with this complaint, Ball filed a motion for leave to proceed *in forma pauperis*. (Doc. 2)  While that motion stated that a correctional officer threatened to punch her, it did not allege

that Ball faced an imminent danger of serious physical injury.  In fact, in response to a question which asked: "[A]re you now seeking relief because you are under imminent danger of serious physical injury?"  Ball replied "No." (Doc. 2, ¶3.A).

We initially ordered this complaint served upon the defendants. (Doc. 7) Presented with this complaint, which is cast against this inmate's litigation history and background, the defendants have now moved to revoke Ball's *in forma pauperis* status, dismiss this complaint, and stay further litigation pending resolution of these motions. (Docs. 19-22)  Shortly after the defendants filed these motions, we issued reports and recommendations in other cases brought by Ball addressing this legal issue in those other cases.  Because we have recently addressed these issues in reports and recommendations issued in five other cases filed by Ball, which were subjects of virtually identical motions, we have not sought Ball's response to this latest motion. Instead, for the reasons set forth below, and consistent with our recommendations in these other companion cases, we recommend that the District Court find that, at present, Ball has only had two cases that were dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since one of the prior dismissal orders entered against Ball in previous litigation was based upon Ball's failure to exhaust her administrative remedies in the prison system, a ground for dismissal that typically is not considered

a "strike" for purposes of §1915(g)'s three strike rule.  However, given that we find

that Ball has already incurred two strikes under §1915(g)'s three strike rule, we

further recommend that Ball be placed on notice that any further dismissals of this or

other lawsuits  for failure to state a claim upon which relief may be granted would

constitute a third strike against Ball, and could preclude Ball from filing further

actions *in forma pauperis* in federal court.

## II.    DISCUSSION

### A.    28 U.S.C. §1915(g)– The Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to

screen and review prisoner complaints filed by inmates like Ball who seek leave to

proceed *in forma pauperis*. 28 U.S.C. §1915A.  One aspect of this review, a review

"designed to filter out the bad claims and facilitate consideration of the good," Jones

v. Bock,  549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused

this privilege in the past are not permitted to persist in further *in forma pauperis*

litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides

in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time she filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383,

387-88 (5th Cir.1996)." <u>Lopez v. U.S. Dept. of Justice</u>, 228 F. App'x 218 (3d Cir.

2007).   However, in assessing when a particular inmate plaintiff is subject to the

gatekeeping provisions of  § 1915(g), it is also clear that "lawsuits dismissed as

frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). <u>See</u>

<u>Adepegba v. Hammons</u>, 103 F.3d 383 (5th Cir.1996); <u>Abdul-Wadood v. Nathan</u>, 91

F.3d 1023 (7th Cir.1996); <u>Green v. Nottingham</u>, 90 F.3d 415 (10th Cir.1996)."

<u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the Court in its dismissal orders are also

significant in this setting.  Section 1915(g) provides that the preclusive effect of this

three strikes rule only applies where each of the prior cases "was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted." <u>Id</u>.  Focusing on this statutory text, courts generally agree that the

dismissal of an inmate lawsuit simply for failure to exhaust administrative remedies

does not constitute a dismissal "on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief may be granted."  Therefore, such dismissals are

typically not considered strikes for purposes of §1915(g)'s three strikes rule. <u>See, e.g.</u>,

<u>Tolbert v. Stevenson</u>, 635 F.3d 646 (4th Cir. 2011); <u>Turley v. Goetz</u>, 625 F.3d 1005

(7th Cir, 2010); <u>Tafari v. Hues</u>, 473 F.3d 440 (2d Cir. 2007); <u>Owens v. Isaac</u>, 487 F.3d

561 (8ᵗʰ Cir. 2007);  Green v. Young, 454 F.3d 405 (4ᵗʰ Cir. 2006); Henry v. Medical

Dept. at SCI Dallas, 153 F.Supp. 2d. 153, 155 (M.D. Pa. 2001).

Once it is determined that an inmate-plaintiff has had at least three prior

lawsuits dismissed "on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in*

*forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate

alleges that he or she "is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury"
> is an exception to the preclusive effect of the statute. But the exception
> is cast in the present tense, not in the past tense, and the word "is" in the
> exception refers back to the same point in time as the first clause, i.e.,
> the time of filing. The statute contemplates that the "imminent danger"
> will exist contemporaneously with the bringing of the action. Someone
> whose danger has passed cannot reasonably be described as someone
> who "is" in danger, nor can that past danger reasonably be described as
> "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to §
> 1915(g). To the contrary, a court may discredit "factual claims of
> imminent danger that are 'clearly baseless,' i.e.*,* allegations that are
> fantastic or delusional and rise to the level of the 'irrational or wholly
> incredible.' " Gibbs v. Cross*,* 160 F.3d 962, 967 (3d Cir.1998) (citing
> Denton v. Hernandez*,* 504 U.S. 25, 33 (1992)). The Supreme Court has

directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

We note that Ball has made no such claim of imminent danger here.  Quite the contrary, when asked: "[A]re you now seeking relief because you are under imminent danger of serious physical injury?"  Ball replied "No." (Doc. 2, ¶3.A).

## B.    Application of §1915(g)'s Three Strike Rule to This Lawsuit

In this case, we recommend that the motion to revoke Ball's *in forma pauperis* status, dismiss this complaint, and stay further litigation. (Docs. 19-22), be denied because we find that the defendants' motion to revoke is premature since Ball has not yet incurred the three strikes mandated by §1915(g).  Rather, we conclude that Ball is on the praecipe of this three strike bar having incurred two full strikes, but–by the slimmest of margins–believe that she is not yet subject to this statutorily-mandated bar.

In reaching this conclusion, we find that two of the prior dismissals suffered by Ball, in Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.) and  Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.), plainly constitute strikes under §1915(g). In both instances, the District Court dismissed Ball's complaint for failure to state a claim upon which

relief can be granted, a grounds for invoking §1915(g)'s statutory preclusion. Moreover, in both instances, Ball exhausted her appeals, and the appellate court also found her complaints to be without merit. Indeed, the Court of Appeals' rulings in both cases were tantamount to declarations that Ball's cases, and appeals, were frivolous. Therefore, Ball clearly comes before this Court now subject to two prior strikes.

However, with respect to the third prior dismissal suffered by Ball to date, in Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.), while the District Court stated that any appeal of the dismissal order would be "deemed frivolous and not in good faith." Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36, p.6), suggesting that the case was being dismissed as frivolous, closer examination reveals the dismissal to have been based on Ball's failure to exhaust her administrative remedies. As we have noted, typically the dismissal of an inmate lawsuit simply for failure to exhaust administrative remedies does not constitute a dismissal "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Therefore, such dismissals are not considered strikes for purposes of §1915(g)'s three strikes rule. See, e.g., Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011); Turley v. Goetz, 625 F.3d 1005 (7th Cir, 2010); Tafari v. Hues, 473 F.3d 440 (2d Cir. 2007); Owens v. Isaac, 487 F.3d 561 (8th Cir. 2007); Green v. Young, 454 F.3d 405 (4th Cir.

2006); Henry v. Medical Dept. at SCI Dallas, 153 F.Supp. 2d. 153, 155 (M.D. Pa. 2001).   In this case, we recognize that some of the language employed in the dismissal of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.), could be construed as a finding that the case was  "deemed frivolous and not in good faith,"  Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36, p.6), and would constitute Ball's third strike.   However, on balance, we believe that the better view is that this dismissal rested on administrative exhaustion grounds and, therefore,  should not be considered a strike for purposes of §1915(g).

### C.    **Ball Should be Placed On Notice That Any Additional Merits Dismissals May Bar Future Filings By The Plaintiff Under 28 U.S.C. §1915(g)**

While we recommend that this motion revoke *in forma pauperis* status be denied since Ball has presently incurred only two strikes, as a matter of fundamental fairness to the plaintiff we are compelled to place her on notice that, pursuant to  28 U.S.C. §1915(g), she now stands on the verge of losing the opportunity to file further actions *in forma pauperis* due to her past history of meritless and frivolous litigation. Indeed, one additional dismissal of any case for failure to state a claim will entitle future defendants to seek to deny Ball *in forma pauperis* status.

We place Ball on notice of this fact for at least three reasons:  First, we wish to be entirely fair to Ball, so that she can fully understand the consequences which

may soon flow from her litigation choices.  Second, by providing this notice to Ball

we ensure that Ball cannot be heard to complain in the future that she lacked notice

of the fact that her current litigation choices could cause her to forfeit the opportunity

to file cases *in forma pauperis* in the future.

Third, we recognize that Ball currently has at least seven cases[4] pending before

this Court where there have been reports and recommendations issued, or adopted,

recommending dismissal of claims.  Ball should be aware that any one of these

dismissals could ultimately constitute a third merits dismissal.  Since that third

dismissal may well severely restrict Ball's ability to appear as an *in forma pauperis*

litigant in the future, as a matter of basic fairness to Ball we recommend that she re-

examine whether she wishes to further pursue these particular matters.

In sum, as a matter of fundamental fairness to the Plaintiff, we place Ball on

notice that the claims she advances in a number of prior filings may all be subject to

dismissal for failure to state a claim upon which relief can be granted, a development

which could also severely limit Ball's ability to pursue *in forma pauperis* litigation

---

[4]Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.).

in the future. While Ball may act to avoid this potential outcome, she should act promptly.[5]

## IV.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motions to revoke Ball's *in forma pauperis* status, dismiss this complaint, and stay further litigation. (Docs. 19-22), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

---

[5]Ball is advised that she may avoid incurring this third strike simply  by voluntarily dismissing any actions which she now considers to be without merit prior to the entry of an order dismissing an action with prejudice for failure to state a claim upon which relief may be granted. See Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011).

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of February 2012.

**S/Martin C. Carlson**
Martin C. Carlson
United States Magistrate Judge
